NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1305

PAMELA H. ROTH, DAVID J. SITOMER, DAVID J. ONTELL,
MARION CHOU, GLEN ANGELO, JOHN J. MCCABE, JR.,
MICHAEL HENDRICKSON, RUSSELL TORWELLE,
BRUCE DENSLOW, and ANNIE ALEXANDER,
(on behalf of themselves and all other attorneys similarly situated),

Plaintiffs-Appellants,

v.

RUFUS G. KING, III, Chief Judge, Superior Court of the District of Columbia,
LEE F. SATTERFIELD, Chief Judge, Family Court of the Superior Court of the District
of Columbia, ANITA JOSEY-HERRING, Deputy Chief Judge, Family Court of the
Superior Court of the District of Columbia,
RONNA BECK, Associate Judge, RAMSEY JOHNSON, Associate Judge,
ANNA BLACKBURN-RIGSBY, Associate Judge, WILLIAM JACKSON, Associate Judge,
ROBERT MORIN, Associate Judge, THOMAS MOTLEY, Associate Judge,
HIRAM PUIG-LUGO, Associate Judge, ROBERT RICHTER, Associate Judge,
SUSAN WINFIELD, Associate Judge, RHONDA REID-WINSTON, Associate Judge,
JULIET MCKENNA, Magistrate Judge, WILLIAM NOOTER, Magistrate Judge, in their
capacity as judicial officers in Superior Court of the District of Columbia
and members of the Family Court Panels Committee,
WILMA BRIER, Director of the Office of Counsel for Child Abuse and Neglect,
and REGINALD RAMDAT, Administrative Services Division, Procurement and
Contracts, Superior Court of the District of Columbia,

Defendants-Appellees,

and

RONALD SULLIVAN, Director of the Public Defender Service of the District of
Columbia, and HERB ROBINSON, Director of the Office of Administration for the
Criminal Justice Act,

Defendants-Appellees.

Before MICHEL, Chief Judge, PROST and MOORE, Circuit Judges.

MOORE, Circuit Judge.

O R D E R

The defendants respond to this court's order regarding whether this appeal should be transferred to the United States Court of Appeals for the District of Columbia Circuit.

The plaintiffs filed suit in the United States District Court for the District of Columbia challenging an administrative order issued by the D.C. Superior Court that established Family Court Attorney Panels. Judges in Family Court must appoint attorneys from those panels to represent indigent parties. The plaintiffs, who claim to represent a class of attorneys who allegedly suffered harm as a result of the administrative order, alleged Fifth Amendment violations, tort claims, and other claims. Roth v. King, No. 03-CV-1109 (D.D.C.).

The district court granted the defendants' motion to dismiss the claim for monetary damages but declined to dismiss the plaintiffs' claim for injunctive and declaratory relief. The defendants appealed and the plaintiffs filed a cross-appeal, seeking to challenge the dismissal of their claim for damages. The District of Columbia Circuit dismissed the plaintiffs' cross-appeal because there was no final judgment in the case. The District of Columbia Circuit held it had jurisdiction over the defendants' appeal, both because the district court had certified for interlocutory review its order declining to dismiss the claims for injunctive relief and because the orders were appealable as collateral orders denying the defendants' claim of immunity.

In the District of Columbia Circuit, the plaintiffs filed a motion to remand to the district court so that the district court could transfer to the United States Court of Federal Claims. The plaintiffs asserted that their claim for damages should be considered to

2007-1305                              2

arise under the Tucker Act. The District of Columbia Circuit denied the motion, holding that the Superior Court is not a court of the United States, and thus the plaintiffs' lawsuit was not against the United States.

On the merits, the District of Columbia Circuit held that the plaintiffs had not established a property interest and thus they had not stated a claim for relief under the Fifth Amendment. The District of Columbia Circuit also held that the appellants were immune from suit for injunctive relief. Thus, the District of Columbia Circuit reversed the district court's judgment and remanded for further proceedings.

On remand, the district court dismissed the remaining claims and the plaintiffs appealed, seeking review by this court. We issued an order stating that absent objection, the case would be transferred to the District of Columbia Circuit. The defendants have objected to transfer. The plaintiffs have not responded.

This court's jurisdiction over appeals of district court decisions is limited primarily to cases involving patents and certain suits against the United States. See 28 U.S.C. § 1295 (a)(1), (2). Because this appeal is not within those categories, we lack jurisdiction. Pursuant to 28 U.S.C. § 1631, we may transfer an appeal to the court in which it could have been filed if transfer is "in the interest of justice." The defendants oppose transfer and request that we dismiss the appeal, arguing that transfer is not in the interest of justice because the lawsuit lacks substantive merit.

We deem the better course is to transfer to the District of Columbia Circuit. We note that the plaintiffs' first attempt to appeal to the District of Columbia Circuit was dismissed for lack of a final judgment. Thus, to the extent the plaintiffs may believe they have arguments that were not addressed by the District of Columbia Circuit in the first

appeal, it is appropriate to allow that court to decide whether those arguments have merit.

Accordingly,

IT IS ORDERED THAT:

The appeal is transferred to the United States Court of Appeals for the District of Columbia Circuit pursuant to 28 U.S.C. § 1631.


    July 19, 2007                                      /s/ Kimberly A. Moore
             Date                                        Kimberly A. Moore
                                            Circuit Judge

cc:    David J. Ontell, Esq.
        Donald B. Verrilli, Jr., Esq.
        Donald T. Stepka, Esq.

s8

2007-1305                             4